UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MONICA JANE RICHARD and             CIVIL ACTION NO. 15-CV-654
JOHN D. RICHARD

VERSUS                              JUDGE DOHERTY

INLAND DREDGING CO. LLC             MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending before the undersigned, on referral from the district judge for ruling, is the defendant's motion to transfer the case pursuant to 28 U.S.C. §1404(a). [Rec. Doc. 13]. The plaintiffs oppose the motion. The undersigned heard oral arguments on the motion on July 27, 2015. After considering the applicable law, the written submissions and arguments of the parties, and for the following reasons, the motion is denied.

**Factual and Procedural Background:**

Plaintiff John Richard began working for Inland Dredging Company in July 2012. In this litigation, he has alleged that he was injured on or about March 25, 2014, while performing his duties as a seaman aboard a crane barge assigned to the Dredge "Kelly L," which is owned and operated by Inland Dredging Company. [Rec. Doc. 1, ¶8]. The incident occurred in Franklin County, Florida. Mr. Richard's claims

are based on the Jones Act and the general maritime law under the savings to suitors clause.  His complaint contains no representations or assertions regarding personal jurisdiction or venue in this court, however, neither is challenged by the defendant.

The plaintiffs are residents of Lafayette Parish, Louisiana, which is within the Western District.  Inland Dredging Company [hereinafter "Inland"] represents that it is in the business of dredging bodies of water on the inland coastal waterways of the United States, including the waterways of Florida and Mississippi.   Inland identifies itself as a Tennessee limited liability company with its principal place of business in Dyersburg, Tennessee.  The company has registered agents for service of process in Mississippi and Florida, doing business in those states.  It has no office or facility in Louisiana; it does, however, have a registered agent for service of process in Louisiana.

In its motion, Inland represents that it would be inconvenient and burdensome for it to defend this lawsuit in the Western District of Louisiana.  According to Inland, none of the witnesses to the subject accident are located in Louisiana, and only two medical providers who have treated the plaintiff since the accident are located in Louisiana.  Inland asserts that, considering the locations of the witnesses expected to testify at the trial of this matter, there are two other venues that would be more convenient to the parties and witnesses and would better serve the interest of justice.

Those locations are the Northern District of Florida at Tallahassee and the Southern District of Mississippi at Jackson, where Inland does business and has agreed and consented that personal jurisdiction and venue are proper.

According to Inland, the following individuals *may* have knowledge about the incident or Mr. Richard's condition after the incident.  They were identified by the plaintiff on the company incident report.  The listed witnesses either worked near Mr. Richard when the accident occurred, actually witnessed the accident, or received Mr. Richard's report of the accident.  Only two remain in the employ of Inland.

- Warren Holton – Edna, Texas

- Michael Gann – Grenada, Mississippi

- Jim Cone-Crossett – Arkansas

- Earnest Carpenter – Boligee, Alabama

- Stacy McCullough – Bascom, Florida

- Tim Walker – Mobile, Alabama

- Jack Simmons – Wiggins, Mississippi

- Tim Dyer – Edgewater, Florida

Inland has also listed the following healthcare providers who have treated Mr. Richard for his accident-related injuries:

- Bay Walk-In Clinic – Panama City, Florida

-3-

- Bay Radiology – Panama City, Florida

- Dr. Mark Harriman, Memphis Orthopedic Group – Memphis, Tennessee

- Methodist North Surgery Center – Memphis, Tennessee

- Physical Therapy Clinic of Carencro – Carencro, Louisiana

- Dr. John Sledge, Lafayette Bone and Joint Clinic – Lafayette, Louisiana

In response to the motion, the plaintiff argues that the case is properly in this court; that his family and friends who will testify regarding his injuries are in the Western District of Louisiana; that his primary treating physician, associated health care providers and his expert witnesses are in this district, and that there is no legitimate reason to transfer this matter to either of the proposed transferee venues.

### APPLICABLE LAW AND ANALYSIS

Under 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses and in the interest of justice, transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.  The decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion.[1]

---

[1]     *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Bearden v. United States*, 320 F.2d 99 (5th Cir. 1963), *cert. denied*, 376 U.S. 922 (1964).

It is undisputed that this suit was properly filed in the Western District of Louisiana, where the plaintiff resides and the defendant was properly served. However, Inland seeks to have the action transferred to either the Northern District of Florida, Tallahassee Division (where the accident occurred) or the Southern District of Mississippi, Northern Division (a rough mid-way point), asserting that suit could have originally been brought in either of those districts where the proposed courts would have subject matter jurisdiction over the case pursuant to 28 U.S.C. §1333.  On the question of personal jurisdiction, Inland declares that it does business in both of the proposed venues and has consented that personal jurisdiction and venue are proper in those courts, having registered agents for service of process in Florida and Mississippi.  Thus, per Inland, this case might have been brought in each of the proposed transferee districts, since "[a] district where a lawsuit 'might have been brought' is one in which the court would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper."[2]  The plaintiff has not disputed this, except to note that the Mississippi venue has no tie to the accident and issues raised in the litigation.  The only issue

_____

[2]      *Shull v. United Barge Lines*, No. 09-5515, 2010 WL 745006, at *5, n.5 (E.D. La. Feb. 26, 2010).  See also *Allen v. Ergon Marine & Indus. Supply, Inc*., No. 08-4184, 2008 WL 4809476, at *2, n.1 (E.D. La. Oct. 31, 2008).

before this Court, then, is whether a transfer is warranted "for the convenience of parties and witnesses, in the interest of justice."

A defendant moving for a venue transfer under Section 1404(a) bears the burden of proving a change of venue is warranted and must show good cause for the transfer.[3]  To do so, the moving party must demonstrate that the action could have been brought in the suggested venue and also clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice.[4]  "Thus, when the transferee venue is *not* clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.  When the movant demonstrates that the transferee venue *is* clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer."[5]

While the plaintiff's choice of venue is accorded some deference,[6] the plaintiff's choice of venue is not treated as a distinct factor in the Section 1404(a) analysis.[7]  Instead, the plaintiff's venue choice corresponds to the burden that the moving party

---

[3]      *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) citing *Humble Oil & Ref. Co. v. Bell Marine Services, Inc*., 321 F.2d 53, 56 (5th Cir. 1963).

[4]      *In re Volkswagen*, 545 F.3d at 315.

[5]      *In re Volkswagen*, 545 F.3d at 315.

[6]      *In re TS Tech USA Corp*., 551 F.3d 1315, 1320 (5th Cir. 2008), citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003).

[7]      *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

must meet in order to demonstrate that the transferee venue is clearly more convenient.[8]

The Fifth Circuit adopted the private interest factors and public interest factors in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ("the *Gilbert* factors"), for determining whether a Section 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice.[9]  The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[10]  The public interest factors are:  (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[11]  These factors are neither exhaustive nor

---

[8]     *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

[9]     *In re Volkswagen*, 545 F.3d at 315.

[10]    *In re Volkswagen*, 545 F.3d at 315.

[11]    *In re Volkswagen*, 545 F.3d at 315.

exclusive, and no one of them is dispositive.[12]  Accordingly, each of the *Gilbert* factors will be analyzed.

***The Private Interest Factors:***

The Relative Ease of Access to Sources of Proof:

This factor examines the location of documents and physical evidence.[13]  The dredge barge where the accident occurred was in Florida at the time of the accident. It is no longer there, according to the defendant's discovery responses, which indicate that the barge has not been located in Florida since June, 2014.  [Rec. Doc. 22-1, pp. 4-6].  Thus, according to the plaintiff, "[t]here is no remaining 'accident scene' located in Florida."  [Rec. Doc. 22, p. 2].  If inspection of the barge is necessary, evidence will have to be viewed and evaluated wherever the barge is currently located; it was in Jackson, Alabama as of May, 2015.  [Rec. Doc. 22-1, p. 6].

Although there have been significant advances in copying technology and in information storage, retrieval, and sharing in recent years, the relative ease of access to documentary sources of proof remains a meaningful factor.[14]  Documentary evidence relative to the plaintiff's work history with Inland and the accident itself will

---

[12]     *In re Volkswagen*, 545 F.3d at 315.

[13]     *In re Volkswagen*, 545 F.3d at 316.

[14]     *In re Volkswagen*, 545 F.3d at 316.

likely be in the possession or control of Inland, which does not maintain offices or facilities in Louisiana.  Those records are presumed to be in Tennessee.  Medical records are presumed to be available from the individual healthcare providers located in Florida, Tennessee, and the Western District of Louisiana.  It has been suggested by the plaintiff that he will undergo surgery in the Western District, and his rehabilitation and medical treatment post-surgery will all be undertaken in the Western District.

On this record, Inland has not proven that this factor weighs in favor of transferring venue to either Florida or Mississippi.  The Mississippi venue option does not serve as the location of any evidence whatsoever.  Therefore, as to this factor, the analysis relative to the Mississippi venue weighs against transfer.

It appears that Mr. Richard initially received medical treatment in Panama City, Florida following the accident.  Thus, there may be medical records or health care providers who treated Mr. Richard in that location.  But Panama City, while in the Northern District of Florida, is in a different division from that to which Inland seeks a transfer.  Inland does not argue that any documentary or other evidence remains in the Tallahassee Division of the Northern District of Florida.

On the other hand, however, the plaintiff's current treating physicians, the hospital where he will likely undergo surgery, and the physical therapist with whom

he has been treating are all located in the Western District of Louisiana.  Also in this district are the friends and family members who have observed the effect of his alleged injury.  His expert witnesses are also in Louisiana.  Therefore, it will be easier to access sources of proof in the Western District of Louisiana.  This factor does not weigh in favor of the requested transfer.

Availability of Compulsory Process to Secure Attendance of Witnesses:

Under Fed. R. Civ. P. 45(b)(2), a federal court may serve a witness anywhere in the United States.  This power is limited by Rule 45(c), which  provides that a subpoena may command a person to attend a trial, hearing, or deposition only if the person lives, works, or transacts business within 100 miles of the courthouse, or who resides, works, or transacts business in the state where the trial is held if attending the trial would not cause the witness to incur substantial expense. Fed. R. Civ. P. 45(c)(1).  A court may quash a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A)(ii). However, live testimony by remote means is available to make testimony from another location much easier.

Inland has demonstrated that, except for the plaintiff, all witnesses with knowledge and information about the accident at issue and/or the plaintiff's work history with Inland and his work activity before, at the time of, and after the accident

are likely beyond the subpoena power authorized by Rule 45 for a trial in the Western District of Louisiana.  The defendant also notes that the inability of the court to subpoena witnesses is especially relevant since only two of the listed fact witnesses still work with Inland, which could assure their attendance at trial.  However, the situation is not much better in either of the two proposed transfer options.  The defendant has offered that two witnesses (Jack Simmons and Michael Gann) based on their last known address, were residents of Mississippi, but only Michael Gann, who resides about 115 miles from the Jackson, Mississippi courthouse, is likely within the subpoena authority of that court.  The Florida court could arguably compel the attendance of two witnesses (Tim Dyer and Stacy McCullough).  At the hearing, the defendant's counsel represented that Mr. Dyer will be called upon to testify at trial.

The burden of proving that the Florida or Mississippi courts are more convenient is on the defendant, not on the plaintiff.  This Court notes that the witnesses identified are potential witnesses, who may know something germane to this litigation, some of whom are no longer employed by Inland and only their last known addresses could be provided. Therefore, it is unknown whether, in fact, the witnesses in Mississippi and Florida even still live there. All of the referenced fact witnesses are beyond the subpoena power of the Western District Louisiana, and most

are beyond the reach of any of the proposed destination courts which could hear this case. Accordingly, the defendant has not established that this factor weighs clearly in favor of transfer to either of the options suggested by Inland.

The Cost for Attendance for Willing Witnesses:

The distance between the place where a witness lives or works and the place where the case will be tried is directly proportional to the witness's cost of attendance at trial. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."[15] The Fifth Circuit has established a "100–mile rule" for determining the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled."[16] Some courts have suggested that the primary focus should be on the cost to be incurred by key non-party witnesses.[17]

---

[15]     *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004).

[16]     *In re Volkswagen AG*, 371 F.3d at 204-05.

[17]     See, e.g., *Frito-Lay North America, Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859, 870-71 (E.D. Tex. 2012); *Remmers v. United States*, No. 1:09-CV-345, 2009 WL 3617597, at *5

The Southern District of Mississippi sits in Jackson, Mississippi, while this case is currently pending in the Lafayette Division of the Western District of Louisiana. The distance from Lafayette to Jackson is roughly 229 miles. The distance from Lafayette to Tallahassee, Florida is roughly 496 miles.

The plaintiff and his family reside in the Western District; his current and ongoing treating healthcare providers are in the Western District, and the plaintiff asserts that their non-medical expert witnesses are and will be located in the Western District as well. The plaintiff's other treatment providers are located in Memphis, Tennessee (437 miles from this Court, 209 miles from Jackson, and 536 miles from Tallahassee) and Panama City, Florida (439 miles from this Court, 373 miles from Jackson, and 103 miles from Tallahassee). Since medical witnesses often testify by deposition, which events can be scheduled before trial at the convenience of all parties, these distance issues are less troubling than those involving non-party fact witnesses, and this factor relative to the medical witnesses is therefore considered neutral, since regardless where the trial is held, some witnesses will be located hundreds of miles away.

---

(E.D. Tex. Oct. 28, 2009); *Shoemake v. Union Pacific R.R. Co*., 233 F.Supp.2d 828, 832 (E.D. Tex. 2002).

Using the defendant's spreadsheet (Rec. Doc. 13-14 at 6-9), setting out the distances for each non-party fact witness from his residence to each of the possible venues for trial, the Western District is closest for two witnesses, including Mr. Richard; the Mississippi venue is closest for five witnesses; and the Florida venue is closest for two witnesses.  The Louisiana venue is obviously more convenient for the plaintiff's healthcare providers and his family members and friends who may testify about his condition before and since the accident and the experts who will testify regarding rehabilitation issues and economic factors.

A party seeking transfer based on the convenience of the witnesses must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.[18]  The defendant has done so, but it is clear that the travel burden issue is problematic no matter where this case is tried.  Neither of the proposed transferee venues offers much relief.  On the record before the Court, the defendant has not shown that transfer of this case to one of the proposed transfer venues is more convenient for most of the witnesses or that either of the proposed venues better serves the interests of justice.  Further, while it is likely true that

---

[18]        See, e.g., *Ron Williams Const. Inc. v. Lide Industries, LLC*, No. 2:11 CV 1558, 2011 WL 6817889, at *3 (W.D. La., Dec. 27, 2011); *Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc.*, 829 F.Supp.2d 456, 472 (W.D. La. 2010); *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F.Supp.2d 703, 711 (N.D. Tex. 2009); *Wilson v. Ameristar Casino Vicksburg, Inc.*, No. 07-0297, 2007 WL 2284608, at *5 (W.D. La., July 10, 2007);  *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 929 (E.D. Tex. 1999).

litigating this case in Florida or even Mississippi  would be more convenient for Inland, it would be much less convenient for the plaintiff.  A case should not be transferred if the "only practical effect is to shift inconvenience from the moving party to the nonmoving party."[19]

All Other Practical Problems:

Since the instant suit was filed in March 2015, neither party has suggested that transfer of the case would unduly delay or otherwise prejudice the progress of the case.  No trial date has been set and only limited discovery has been undertaken.  By the same token, the defendant has not shown any prejudice to the defense from maintaining the current venue.

"A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party."[20]  Considering the private interest factors set out above, this Court cannot find that the balance of factors "strongly favors" the moving party.

***The Public Interest Factors:***

---

[19]     *The CIT Group/Commercial Servs., Inc. v. Romansa Apparel, Inc.*, 2003 WL 169208 at *4 (N.D.Tex. Jan. 21, 2003) (citations omitted); see also *Goodman Co., L.P. v. A&H Supply, Inc.*, 396 F.Supp.2d 766, 776 (S.D. Tex., Oct. 17, 2005).

[20]     *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 WL 2415960 at *3 (N.D.Tex. Sept. 30, 2005); see also *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003).

<u>The Administrative Difficulties Flowing from Court Congestion:</u>

This factor favors a district that can bring a case to trial faster.[21]  The defendant has presented statistics from the Federal Judicial Caseload Statistics website (Rec. Doc. 13-1 at 10-12), but no argument has been offered that this case would proceed to trial faster in another venue sufficient to overcome the other problems with transfer.  The undersigned finds nothing unusual or complicated about this case so as to suggest it may clog any court's docket and is not persuaded this factor is anything but neutral.

<u>The Local Interest in Having Localized Interests Decided at Home:</u>

This factor analyzes the "factual connection" that a case has with the transferee venue and also with the transferor venue.[22]  In this case, the accident occurred in Florida, where Mr. Richard worked at the time.  The barge involved in the accident is owned and/or operated by a Tennessee company, and the plaintiff resides in the Western District of Louisiana.  Since, as the plaintiff has argued, the accident scene no longer exists in Florida, and since the Mississippi transferee venue has no connection to the accident at all, there are no strong local interests in those venues.  Similarly, except for the fact that the plaintiff resides in the Western District of

---

[21]        See *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (5th Cir. 2009).

[22]        See *In re Volkswagen AG*, 371 F.3d at 206.

Louisiana, there are no other particularly strong localized interests urged by the parties.  None weigh in favor of transfer.

The Familiarity of the Forum with the Governing Law:

The parties did not address this factor; however, the undersigned notes the obvious familiarity of the Western District of Louisiana forum with the law governing this case.  The undersigned is also confident that the two proposed transferee venues are equally familiar with the governing law and finds that this factor is neutral.

The Avoidance of Unnecessary Problems of Conflict of Laws or Application of Foreign Laws:

Neither party has argued that this case raises any conflicts of law issues nor is there any issue regarding the application of foreign or unfamiliar law.  Accordingly, the undersigned finds that this factor is neutral.

Regardless of the forum chosen by the plaintiff or the reasons why the plaintiff chose that forum, the moving party bears the burden of proving that the forum it favors is clearly more convenient than that chosen by the plaintiff.  To do so, the moving party must persuade the court that the private interest and public interest factors discussed above weigh in favor of the proposed transferee court. Neither of the proposed transferee venues solve the key problems presented in this case dealing with travel and the cost obtaining witness testimony.  Neither is an obvious good

-17-

choice.  To fulfill its burden on the instant motion, Inland must demonstrate that trial in one or both of the proposed transferee venues would be more convenient than trial in the Western District of Louisiana.  Applying the *Gilbert* factors as set out above leads to the conclusion that most factors are neutral.  Therefore, the undersigned concludes that the defendant has not satisfied its burden of proving that either of the two proposed destination venues is the more convenient forum.

### CONCLUSION

For the foregoing reasons, defendant Inland Dredging Company, LLC's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 13) is DENIED.

Signed at Lafayette, Louisiana on July 28, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-18-